UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DUVAL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL,<br><br>　　　　　Respondent. | No. 2:13-cv-1168 MCE CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the court is respondent's September 5, 2013 motion to dismiss the petition as successive. (ECF No. 12.) Petitioner has filed an opposition. (ECF No. 13.) For the reasons set forth below, the undersigned will recommend that the motion to dismiss be granted.

## ANALYSIS

In 1994, in the Sutter County Superior Court, petitioner pled no contest to second degree murder with a firearm enhancement. He was sentenced to a state prison term of twenty years to life with the possibility of parole. (ECF No. 1 at 1.)

In the instant petition, filed June 11, 2013, petitioner raised four claims, three of which were summarily dismissed in this court's screening order of July 3, 2013. (ECF No. 6.) This action proceeds on petitioner's remaining claim that the California Board of Parole Hearings'

1

("Board's") denial of parole constituted a violation of his plea agreement, which he entered into with the understanding that he would serve a prison term of less than fourteen years. (Id. at 7.)

In the motion to dismiss, respondent argues that this claim is successive because petitioner raised the identical claim – that the Board's denial of parole violated his plea agreement and right to due process – in an earlier habeas petition, Duval v. Kramer, 2:08-cv-1591 JFM (E.D. Cal.) ("Kramer"), which was denied on the merits on November 7, 2008. In Kramer, after reviewing the merits of petitioner's claim, the assigned magistrate judge (to whose jurisdiction the parties had consented) concluded:

> Petitioner has presented nothing showing that the nature of his guilty plea or that any bargain leading to the plea included a promise that he would be paroled or would be paroled on date certain. The sentencing transcript shows only that the prosecutor moved to edit the charge in count one from first degree murder . . . to a charge of second degree murder. While it is true that the minute order reflects that the district attorney stated that petitioner would be "eligible for parole and parole date would be 13-1/2 years," such language does not reflect a promise that petitioner would be paroled at any time short of the maximum term of life.

Kramer, ECF No. 22 at 9 (record citations omitted). The magistrate judge thus denied petitioner's claim that the Board's denial of parole violated his plea agreement and his federal right to due process. (Id. at 9-10.)

In opposition to the motion, petitioner argues that the instant petition is not successive, because Kramer concerned the Board's 2007 denial of parole and the instant petition concerns a subsequent denial of parole.

Because the instant petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999). Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits. A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb v.

Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (internal citations omitted).  Once a district court ascertains that a habeas petition is "second or successive," it lacks jurisdiction to consider the merits of the petition.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

In this case, petitioner seeks relief on a claim effectively identical to the one denied in 2008.  To be sure, a claim which challenges the denial of parole on grounds not previously addressed on the merits is not successive.  See Hill v. Alaska, 297 F.3d 895, 899 (9th Cir. 2002).  Here, however, the fact that the Kramer petition concerns a 2007 denial of parole, and the instant petition concerns a subsequent denial of parole, does not alter the fact that petitioner's fundamental claim – that the Board denied him his promised release date – has been addressed on the merits by a federal court.  Accordingly, the undersigned will recommend that the instant petition be dismissed for lack of jurisdiction.  If petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.  See 28 U.S.C. §2244(b)(3).

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss (ECF No. 12) be granted;

2. The petition be dismissed for lack of jurisdiction; and

3. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 7, 2014

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / duva1168.mtd_succ